**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cr-30050-SMY** |
| | ) | |
| **DAN R. WAECKERLE, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**YANDLE, District Judge:**

Pending before the Court are the Notices of Intent and Motions *in Limine* filed by the United States of America (Docs. 63, 64, 65, 66, and 67), which Defendant Dan R. Waeckerle, Jr. opposes (Doc. 71); Defendant's Notice of Intent to Admit Evidence (Doc. 72), which the Government opposes (Doc. 73); and Defendant's Motion for Leave to File a Motion to Compel (Doc. 75) and Motion to Compel (Doc. 76). For the reasons more fully stated on the record during the January 4, 2024 Final Pretrial Conference, the Court rules as follows:

**Defendant's Motion for Leave to File Motion to Compel (Doc. 75) and**
**Motion to Compel (Doc. 76)**

Defendant moves for leave to file a motion to compel the Government to produce documents and records related to the alleged victim's mental health and another investigation regarding the alleged victim's online behavior with other individuals. Defendant asserts that the requested information will likely contain impeachable material and will call into question the alleged victim's credibility. As discussed on the record, the motion for leave is untimely. Trial is set for January 16, 2024, and under the Court's Order Regarding Pretrial Discovery and Motions (Doc. 15), any motion to compel was due 28 days following arraignment. Moreover, Defendant has failed to establish that the requested documents and records are relevant and admissible for

impeachment purposes or as substantive evidence. Accordingly, the motion for leave is **DENIED** and the motion to compel is **STRICKEN**.

### Government's Motion *in Limine* Pursuant to FRE 412 to Exclude Evidence of Victim's Alleged Other Sexual Behavior or Sexual Predisposition (Doc. 63)

The Government moves to prohibit Defendant from introducing evidence of, questioning any witness about, or referring to the victims' past sexual behavior. Federal Rule of Evidence 412(a) prohibits evidence offered to prove that a victim engaged in other sexual behavior or to prove a victim's sexual predisposition. Rule 412 aims to "safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details." Fed.R.Evid. 412 advisory committee's note. Rule 412(b) offers certain limited exceptions: (A) to prove someone other than defendant was the source of physical evidence, (B) to prove consent or if offered by the prosecutor, and (C) where exclusion would violate defendant's constitutional rights. The exceptions to Rule 412 apply in "limited circumstances." *United Stats v. Courtright,* 632 F.3d 363 (7th Cir. 2011).

Defendant filed a Notice of Intent to admit evidence from the alleged victim of her sexual history, including her prior history of sending, manufacturing, and receiving sexually explicit images and her history of reporting criminal conduct to law enforcement in an unrelated CAC interview (Doc. 72). He argues that his proffered evidence is admissible under the first exception which allows a court to admit evidence of specific instances of a victim's sexual behavior to prove that someone other than the defendant was the source of semen, injury, or other physical evidence. The proffered evidence in this case, which consists solely of text messages, does not constitute physical evidence contemplated by Rule 412 and does not fall into any of the other exceptions to the Rule. Further, the alleged victim's past sexual behavior is not probative to the charges in this case and is clearly prejudicial. Accordingly, the Government's motion is **GRANTED** and

Defendant will be prohibited from presenting any evidence of the alleged victim's sexual behavior or predisposition at trial.

### Government's Motion *in Limine* to Prohibit Arguing Consent of the Minor Victim (Doc. 64)

The Government moves *in limine* to prohibit the Defendant from arguing or introducing evidence that the consent of the minor victim is a defense to any count of the Indictment.  The motion is **GRANTED** without objection.

### Government's Motion *in Limine* Regarding Mistake of Age (Doc. 65)

The Government moves *in limine* to prohibit the Defendant from arguing or introducing evidence that there is a mistake of age defense to Count 3 of the superseding indictment.  The motion is **GRANTED** without objection.

### Government's Notice of Intent to Admit Evidence of Prior Acts by Defendant Under Rule 404(b) (Doc. 66)

The Government provides notice of its intent to introduce certified records to establish that Defendant has previously been convicted of aggravated sexual abuse of a minor to demonstrate Defendant's motive, opportunity, preparation, plan, intent, knowledge, identity, and absence of mistake in reference to the offenses charged in the Superseding Indictment.  The Court finds that evidence of Defendant's previous bad acts is not probative of Defendant's intent in this case and the prejudicial effect outweighs any probative value.  Accordingly, the Government will be prohibited from utilizing the certified records to establish intent in this case.

### Government's Notice of Intent to Admit and Motion for Pretrial Ruling on Admission of Certified Records (Doc. 67)

The Government provides notice of its intent to admit certified records of Defendant's prior conviction and moves the Court for a pretrial ruling on admission of the certified record.  To the extent the parties do not stipulate that Defendant is a registered sex offender, the Government will

be permitted to admit the portion of the certified records establishing that Defendant is a registered sex offender.  The Government will be prohibited from utilizing the documents for any other purpose.

**IT IS SO ORDERED.**

**DATED: January 9, 2024**

**STACI M. YANDLE**
**United States District Judge**